■ In the Matter of HANSEL L. MCGEE, Appellant, v JEFFREY R. KORMAN et al., Respondents. JEFFREY R. KORMAN et al., Respondents, v ALICE SACHS et al., Respondents, and HANSEL L. MCGEE, Appellant.—Order, Supreme Court, Bronx County (Carl J. Mugglin, J.), entered August 17, 1987, which dismissed appellant's proceeding seeking a judgment declaring valid the designating petition by which he sought to be a candidate for the office of Judge of the Surrogate's Court, Bronx County, in the Democratic Party primary election to be held on September 15, 1987 and which dismissed, as moot, the proceeding seeking to invalidate the said petition, reversed, the proceedings reinstated, the matters remanded to Supreme Court forthwith, to determine whether the said petition contained 2,000 valid signatures, without costs.

The appellant, Hansel L. McGee, filed a petition seeking a place on the ballot for the Democratic Party primary election to be held on September 15, 1987, as a candidate for the office

of Judge of the Surrogate's Court, Bronx County. The petition contained 11,690 purported signatures. The Board of Elections found 7,104 of those signatures to be invalid, leaving 4,586 valid signatures, 414 short of the 5,000 signatures required by statute for a candidate for county-wide office in Bronx County. Proceedings were commenced by the parties to validate the petition and to invalidate the petition. The hearing commenced on August 4, 1987 before a Special Referee. A continuance was granted over respondents' objection, respondents maintaining that they wished to proceed with their petition to invalidate by calling witnesses to establish irregularities to either invalidate appellant's entire petition, or at least further reduce the number of valid signatures therein. Appellant's attorneys conceded that they would be unable to establish 5,000 valid signatures. The appellant made a constitutional challenge to Election Law § 6-136 (2) (b) which requires 5,000 valid signatures to be filed in order to secure a place on the ballot for a candidate for any borough-wide office in any of the five boroughs of New York City. This challenge was rejected by Supreme Court.

This court has today found that section of the Election Law to be unconstitutional *(Matter of Korman v Sachs,* 133 AD2d 41). Since the proceeding in Supreme Court was dismissed prior to a determination of whether the petition filed on behalf of appellant contained the requisite 2,000 valid signatures, the matter is remanded to Supreme Court, forthwith, to make such determination. Concur—Kassal, J. P., Rosenberger, Ellerin and Wallach, JJ.

Smith, J., dissents and would affirm for the reasons stated by Smith, J., in his dissenting memorandum in *Matter of Korman v Sachs* (133 AD2d 41 [decided herewith]).